Filed 10/15/20  In re Wayne L. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re WAYNE L., a Person Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> REBECCA W., <br><br> Defendant and Appellant. | F081099 <br><br> (Super. Ct. No. 19CEJ300010-1) <br><br> **OPINION** |

**THE COURT**\*

APPEAL from an order of the Superior Court of Fresno County.  William Terrence, Judge.

Neale B. Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

---

\*       Before Poochigian, Acting P.J., Detjen, J. and Smith, J.

-ooOoo-

Appellant Rebecca W., mother (mother) of now two-year-old, Wayne L., appealed from the juvenile court's March 2, 2020 order terminating her parental rights. (Welf. & Inst. Code, § 366.26.)[1] After reviewing the juvenile court record, mother's court-appointed counsel informed this court he could find no arguable issues to raise on mother's behalf. This court granted mother leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

Mother submitted a letter in which she informs this court she is fully engaged in recovery from substance abuse, completed a domestic violence class and is participating in a parenting program. She asks for an opportunity to be a part of Wayne's life and seeks to overturn the juvenile court's order terminating her parental rights. She does not, however, allege the court's termination order was error.

We conclude mother failed to set forth a good cause showing that any arguable issue of reversible error arose from the termination hearing. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 844.) Consequently, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

Dependency proceedings were initiated in January 2019 after the Fresno County Department of Social Services (department) removed then eight-month-old Wayne from the custody of his parents, mother and Kevin L. Mother had flagged down an ambulance for Wayne in the early morning of January 10, stating he had bruising on his head. During the ambulance ride to the hospital, mother stated Wayne was not her child and had been switched. Wayne was evaluated at the hospital and medically cleared by the medical staff. Mother told the hospital social worker that she was homeless and living out of her car.

---

[1] Statutory references are to the Welfare and Institutions Code.

2.

Sheriff Deputy Brian Bangerter observed mother in the emergency room. She was lying on a bed with her right arm covering her face. She appeared lethargic and did not want to move or even sit up. She appeared to have a hard time moving any part of her body. He asked her if the child she brought in was hers and she said he was. He asked her if she told the hospital staff that he was not and she said, "Yes." She denied taking any drugs or medications but when Bangerter asked what was wrong with her, she said she needed " 'a pick me up.' " She then said she needed amphetamine.

Social worker Lu Vang responded for the department and told Bangerter she believed mother had a drug problem. She requested a protective hold on Wayne, which Bangerter granted.

Mother told Vang she did not believe Wayne was her child because he did not answer to his name. She believed Kevin switched her baby for Wayne while they were shopping at the store. The child they returned with appeared to have a mental delay and had a red mark on his head. Her child did not have a red mark on his face before she went to the store. She also thought she may have had twins but only knew about one of them. Mother disclosed a history of depression and anxiety for which she received treatment and believed she had undiagnosed multiple personalities. She also had a history of "on and off" methamphetamine use for 10 years but denied being a " 'tweaker.' " She and Kevin used methamphetamine frequently and she admitted using methamphetamine the day before Wayne was taken to the hospital. Vang observed mother was unable to sit up, and lay with her arm covering her face during the entire interview. When Vang asked her to sign forms, she trembled "dramatically."

The department placed Wayne in foster care and filed an original dependency petition on his behalf under section 300, alleging mother and Kevin's drug abuse (methamphetamine and marijuana) placed Wayne at a substantial risk of harm. (§ 300, subd. (b)(1).)

The juvenile court detained Wayne pursuant to the petition on January 14, 2019 and ordered the department to offer the parents parenting classes, substance abuse, mental health and domestic violence assessments and recommended treatment and random drug testing and provide them weekly supervised visitation. The court set a jurisdictional/dispositional hearing for February 25, 2019.

On February 25, 2019, the department filed a first amended petition, adding an additional allegation under section 300, subdivision (b)(1) that the parents engaged in domestic violence. The juvenile court found the allegations in the first amended petition true and continued the dispositional hearing.

The juvenile court ordered Wayne removed from parental custody at the dispositional hearing in June 2019 and ordered the parents to participate in the services offered at the detention hearing. Mother did not appear at the hearing and had not participated in any of the services offered to her or regularly visited Wayne. The court set the six-month review hearing for November 18, 2019.

Neither parent appeared at the six-month review hearing on November 18, 2019. The juvenile court found the parents had made no progress in resolving the problems necessitating Wayne's removal, terminated reunification services and set a section 366.26 hearing for March 2, 2020.

The department recommended the juvenile court find Wayne was likely to be adopted at the section 366.26 hearing and terminate parental rights. His prospective adoptive parents wanted to adopt him.

On March 2, 2020, the juvenile court conducted an uncontested section 366.26 hearing and terminated the parents' parental rights. Neither parent personally appeared.

## DISCUSSION

At a termination hearing, the juvenile court's focus is on whether it is likely the child will be adopted. (*In re Marilyn H*. (1993) 5 Cal.4th 295, 309.) If the child is likely to be adopted, the juvenile court must terminate parental rights unless the parent proves

there is a compelling reason for finding that termination would be detrimental to the child under any of the circumstances listed in section 366.26, subdivision (c)(1)(B) (exceptions to adoption). Here, the court found Wayne was likely to be adopted and terminated parental rights. Since mother did not argue any of the exceptions to adoption, the court was not required to consider their applicability.

Mother does not argue in her *Phoenix H*. letter the juvenile court's adoptability finding or termination order are error. Instead, she explains that she was not ready to make the necessary changes to be a proper parent to Wayne until April 2020 when she entered residential drug and alcohol treatment. Included with her letter are various documents evidencing her progress in her recovery efforts and her participation in domestic violence and parenting programs. She also refers to a second child who apparently was born during the pendency of these proceedings and removed from her custody. Although she "met [the] bypass criteria" as to that child she asserts, the juvenile court granted her reunification services because of her progress.

Mother seeks the restoration of her parental rights so that she can demonstrate she is serious about her recovery. She states, "I deserve to live down my mistakes and create an environment in which both my children are a part."

Since mother failed to raise any arguments related to the termination of her parental rights, we do not find good cause to order supplemental briefing. Further, though we are not required to, we reviewed the record as it relates to the section 366.26 hearing and found no arguable issues for briefing. (*Phoenix H*., *supra*, 47 Cal.4th at pp. 841−842.) Accordingly, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.